UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| SAMUEL THACKER ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:11-0416 |
| ] | Judge Campbell |
| CORRECT CARE SOLUTIONS, et al. ] | |
|     Defendants. ] | |


### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Correctional Development Center ("Center") in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Correct Care Solutions, a contract provider of health and dental care for the Center, and the Davidson County Sheriff's Office, seeking damages.

On January 26, 2011, a dentist at the Center extracted one of the plaintiff's teeth. During the procedure, the plaintiff claims that the dentist cracked his lower jawbone and damaged a healthy tooth. Despite plaintiff's complaints of pain, medical personnel at the Center seemed unwilling to acknowledge the injury and provide him with treatment. Finally, on February 24, 2011, the plaintiff was taken to an outside hospital where he underwent oral surgery to correct the problem.

To establish a claim for § 1983 relief, the plaintiff must

plead and prove that the defendants, while acting under color of state law, deprived her of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The plaintiff claims that, due to the defendants' negligence, he sustained his injury and now suffers from permanent damage to his jawbone. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional tort, the plaintiff has failed to state an actionable claim for § 1983 relief. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge